# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| RONALD FRANKLIN FERRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   4:17-cv-00056 |
| ) | REEVES/LEE |
| AUSTIN SWING, TIM LOKEY, TONYA ) | |
| EDWARDS, MARY WEST, and ) | |
| DR. KENNATH MATTEWS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

When Ronald Franklin Ferrell ("Plaintiff") filed this action, he listed the Bedford County Correctional Facility as his address, and the Court has no other address on file for him [Doc. 1]. On April 17, 2019, the Court screened Plaintiff's amended complaint pursuant to the Prison Litigation Reform Act ("PLRA"), allowing this action to proceed only as to Plaintiff's claims of denied prescription medication, denied opportunities for recreation, and denied religious services [Doc. 5]. The Court further ordered Plaintiff to "immediately inform the Court . . . of any address changes" pursuant to Local Rule 83.13 [Doc. 5]. Plaintiff was forewarned that failure to promptly notify the Clerk and other parties to the proceeding within fourteen days of any changes in his address, to monitor the progress of the case, and to prosecute or defend the action diligently "may result in the dismissal of this action" [*Id.*]. On April 25, 2019, however, the Court's order was returned as "Undeliverable" [Doc. 6].

On May 2, 2019, this Court ordered Plaintiff to show cause in writing, within fourteen days, explaining why his case should not be dismissed with prejudice for failure to prosecute and/or failure to follow the orders of this Court [Doc. 7]. Plaintiff was again put on notice that failure to comply with the terms of the Court's order will result in dismissal of his case [*Id.*]. On May 13, 2019, however, this order was returned to the Court as "Undeliverable" along with the notation "No longer here" [Doc 8]. Plaintiff has not filed any other response to the Court's order and the deadline to do so has passed.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to comply with the Court's orders can be attributed to his own willfulness or fault. Local Rule 83.13 imposes upon a pro se litigant the obligation to both monitor the progress of his case and to prosecute it diligently.

Moreover, that same rule provides that the failure of a pro se Plaintiff to timely respond to an order sent to the last address provided to the Clerk may result in dismissal of the case. Here, the record shows that Plaintiff has failed to respond to the last two orders from this Court. The case law is clear that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109. The last two orders by this Court set clear and firm deadlines for Plaintiff to follow. He nevertheless failed to adhere to those deadlines, in violation of both the local rules and the order itself. Accordingly, the first factor weights in favor of dismissal.

The second factor, however, weighs against dismissal; since Defendants have not yet been served, they have not been prejudiced by Plaintiff's inactions.

By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's orders, despite being expressly warned of the possible consequences of such a failure [Doc. 5 p. 8; Doc. 7 p. 2].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. Further, Plaintiff failed to respond to the Court's orders. Any further attempt to prod Plaintiff into compliance through the imposition of a lesser sanction than dismissal would appear to be futile. There seems little purpose allowing alternative sanctions where Plaintiff has apparently abandoned his case showing a lack of respect for this Court's deadlines and orders, even after threatened with its dismissal.

The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**